[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 16, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16403
Non-Argument Calendar

_____

D. C. Docket No. 04-00138-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KELONE LEVESE HOLMES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(June 16, 2006)**

Before TJOFLAT, BARKETT  and WILSON, Circuit Judges.

PER CURIAM:

Kelone Levese Holmes appeals his 57-month sentence for being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He argues on appeal that the sentence imposed by the district court on remand was unreasonable in light of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and 18 U.S.C. § 3553 (a).

It light of Booker, we review a final sentence under the advisory Guidelines for reasonableness. United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005). We do not review each individual decision made during the sentencing process, however. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). This reasonableness inquiry is guided by the factors set forth at 18 U.S.C. § 3553(a). Winingear, 422 F.3d at 1246; Booker, 125 S.Ct. at 766. We have rejected the proposition that sentences at the low-end of the advisory Guideline range are per se reasonable, though we have stated that "ordinarily we would expect a sentence within the Guidelines range to be reasonable." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Under Booker, "the Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." United States v. Rodriguez, 398 F.3d 1291,

2

1298 (11th Cir.) cert. denied, 125 S.Ct. 2935 (2005). Specifically, the Supreme Court held that the mandatory nature of the Federal Sentencing Guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. Booker, 125 S.Ct. at 749-52. However, it also stated that "[i]f the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment." Id. at 750.

In a second and separate majority opinion in Booker, the Court concluded that, to best preserve Congress' intent in enacting the Sentencing Reform Act of 1984, the appropriate remedy was to "excise" two specific sections - 18 U.S.C. § 3553(b)(1) (requiring a sentence within the Guideline range, absent a departure) and 18 U.S.C. § 3742(e) (establishing standards of review on appeal, including de novo review of departures from the applicable Guideline range) - thereby effectively rendering the Sentencing Guidelines advisory. Id. at 764.

Therefore, in light of Booker, the district court must first accurately calculate the Guideline range, and then it "may impose a more severe or more lenient sentence" after considering the § 3553(a) factors. Crawford, 407 F.3d at 1179. The factors include the available sentences, the applicable Guideline range, the

nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. 18 U.S.C. § 3553(a). We have clarified that the district court is not obligated to specifically address and analyze on the record every § 3553(a) factor, rather, a statement that the court considered the factors is sufficient in post-Booker sentences. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

At Holmes's sentencing hearing, the district court heard mitigating factors as to his family and personal situation. The court stated that it reached the 57-month sentence after calculating the Guideline range and applying it in an advisory manner. It specified it had considered the advisory nature of the Guidelines as well as the sentencing factors set forth in § 3553(a), and determined that a sentence at the low-end of the range was most appropriate in light of those considerations. The sentence fell well below the statutory maximum term of 120 months' imprisonment. See 18 U.S.C. § 924(a)(2); Winingear, 422 F.3d at 1246. Accordingly, the district court considered the § 3553(a) factors and conducted a proper reasonableness inquiry. See Winingear, 422 F.3d at 1246; Booker, 125 S.Ct. at 766; Scott, 426 F.3d at 1329; 18 U.S.C. § 3553(a).

Holmes's claim that the district court should have ordered his federal

4

sentence run, at least in part, concurrent with his state sentence is similarly without merit, given that the 57-month sentence on its own is not unreasonable. <u>See</u> <u>Winingear</u>, 422 F.3d at 1246; <u>Booker</u>, 125 S.Ct. at 766; <u>Scott</u>, 426 F.3d at 1329; 18 U.S.C. § 3553(a). Finally, Holmes does not claim that there was error in the district court's Guideline calculations, and none is apparent. <u>See</u> <u>Crawford</u>, 407 F.3d at 1179.

Based upon the foregoing, we affirm Holmes's sentence.

**AFFIRMED.**